NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTWON JONES, an individual and
California taxpayer,

Plaintiff-Appellant,

v.

CITY OF LOS ANGELES, a municipal,

Defendant-Appellee,

and

MICHAEL N. FEUER, in his
individual/official capacity; et al.,

Defendants.

No. 22-55612

D.C. No.
2:20-cv-11502-VAP-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted August 14, 2023
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Antwon Jones ("Jones") appeals the district court's order granting summary judgment to the City of Los Angeles (the "City") in an action alleging the deprivation of his constitutional right to access the courts under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err by concluding that the City did not deprive Jones of his right to sue Paul Paradis ("Paradis") because Jones could have brought an action against Paradis before the applicable statute of limitations had run.  Jones argues that the City's cover-up of its conspiracy with Paradis resulted in Jones's inability to pursue state law causes of action against Paradis pursuant to California Code of Civil Procedure § 340.6(a), which requires "[a]n action against an attorney for a wrongful act or omission . . . be commenced within one year after the plaintiff discovers . . . the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."

Jones concedes that he first learned of his claims against Paradis in June 2019. Yet, instead of suing Paradis, Jones filed this action against the City on December 21, 2020, more than one year later.  Because Jones could have sued Paradis "within one year after [he] discover[ed], or through the use of reasonable diligence should have discovered," Paradis's misconduct, the City's actions did not deprive Jones of his right to sue Paradis before the one-year limitation period expired.  Cal. Code Civ. Proc. § 340.6(a).

2

2.     Nor did the district court err by concluding that the applicable four-year statute of limitation was tolled until at least February 2019 because the undisputed facts show that Paradis "willfully conceal[ed] the facts constituting [his] wrongful act or omission." Cal. Civ. Proc. § 340.6(a)(3). Section 340.6(a)(3)'s "willful concealment" provision requires more than "[m]ere nondisclosure." *Nielsen v. Stewart*, No. C082925, 2017 WL 3124207, at \*3 (Cal. Ct. App. July 24, 2017); *see also Koch v. Citadel Fin. Corp.*, Nos. A092239, A092473, 2002 WL 31677057, at \*4 (Cal. Ct. App. Nov. 27, 2002). However, we do not need to determine whether this provision requires that an attorney make "affirmative misrepresentations" to his client to toll the four-year limitation period because, even applying Jones's "affirmative misrepresentation" standard, the undisputed facts establish that Paradis willfully concealed his misconduct from Jones.

As the district court found, Jones's First Amended Complaint ("FAC") alleged that Paradis intentionally concealed his conflict of interest from Jones by not including his name on the class action complaint, even though he was the one who drafted it. The district court further looked to Jones's allegation that in February 2019, Paradis affirmatively misrepresented the facts constituting his misconduct when he insisted that Jones assert attorney work-product privilege to withhold certain documents requested in a deposition subpoena because those documents would have revealed Paradis's conspiracy with the City. These affirmative acts of

3

misrepresentation, along with the numerous other examples of misconduct alleged in Jones's FAC, support the district court's finding that the undisputed evidence establishes that the four-year limitation period tolled until at least February 2019. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (holding that factual assertions in pleadings "are considered judicial admissions conclusively binding on the party who made them").

Therefore, because the four-year limitation period did not expire before the one-year limitation period had run, Jones had until June 2020 to sue Paradis. Because Jones decided not to sue Paradis and instead waited until December 2020 to file this action against the City, the City was not responsible for Jones losing his ability to sue Paradis within the limitation period.

3. Because the district court did not err by concluding that the four-year limitation period was tolled on account of Paradis's willful concealment, we need not and do not determine whether the four-year limitation was tolled under Section 340.6(a)(2)'s continuous representation provision.

**AFFIRMED.**